**GENERAL MOTORS CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 14786.

United States Court of Appeals
Sixth Circuit.

June 8, 1962.

Harry S. Benjamin, Jr., Detroit, Mich. (Aloysius F. Power, Gen. Counsel, Harry S. Benjamin, Jr., Eugene L. Hartwig, Attys., Detroit, Mich., on the brief), for General Motors Corp.

Melvin J. Welles, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Earle W. Putnam, Attys., N.L.R.B., Washington, D. C., on the brief), for National Labor Relations Bd.

Harold A. Cranefield, Gen. Counsel, John A. Fillion, Asst. Gen. Counsel, Detroit, Mich., Joseph L. Rauh, Jr., John Silard, Attys., Washington, D. C., on the brief, amicus curiae for United Automobile Workers.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The sole question in this case is whether or not an "agency shop arrangement" is lawful under the National Labor Relations Act, as amended, so as to require an employer to bargain with a labor union with respect to including it in a collective bargaining agreement. 29 U.S.C.A. §§ 151–166, as amended.

The Union made a demand in writing that the employer bargain with respect to its proposal that the existing National Agreement between the parties be supplemented so as to require as a condition of continued employment that all employees not already members of the Union, and new employees hired thereafter at the employer's Indiana locations must pay to the Union within thirty days after the agreement or of their initial employment, whichever is later, a sum equal to the initiation fee charged members of each of Union's locals and monthly sums equal to the regular membership dues required of its locals' members at each location. This type of arrangement is called an "agency shop."

The National Agreement which the Union sought to supplement contained provisions creating a "union shop" which required all employees to become members of the Union within sixty days after the date of the agreement or of their employment and to pay initiation fees and membership dues uniformly required. These existing provisions with respect to the "union shop" did not apply however to employees "employed in any state which prohibits or otherwise makes unlawful, membership in a labor organization as a condition of employment." A state statute in Indiana known as the Indiana Right to Work Law makes void and unenforceable any agreement conditioning em-

ployment upon union membership. Burns' Indiana Statutes Ann. Section 40–2703.

The employer refused to bargain with the Union over this proposal on the ground that any agreement containing such a provision would be in violation of the National Labor Relations Act, as amended.

The Union filed with the National Labor Relations Board a charge of unfair labor practice against the employer which was based upon the refusal of the employer to bargain with respect to this proposal. The Board heard the complaint and issued an order upholding the validity of the "agency shop" and finding that the employer violated Section 8(a) (1) and (5) of the Act by refusing to bargain with the Union with respect to it. The employer has petitioned this Court for review of the order and the Board cross-petitioned for enforcement. The Union was granted leave to file a brief amicus curiae.

The pertinent provisions of the Act are as follows:

Section 7.

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a) (3)." [29 U.S.C.A. § 157.]

Section 8(a) (1) and (3)

"It shall be an unfair labor practice for an employer—

"(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;

\*     \*     \*     \*     \*     \*

"(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization: Provided, That nothing in this Act, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization \* \* \* to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later \* \* \* Provided further, That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership." [29 U.S. C.A. § 158(a) (1) and (3)].

Section 14(b)

"Nothing in this Act shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law." [29 U. S.C.A. § 164(b).]

Labor-Management Reporting and Disclosure Act of 1959 [29 U.S.C.A. § 401–531.]

Section 3(o)

" 'Member' or 'member in good standing,' when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such or-

ganization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." [29 U.S.C.A. § 402(o).]

It is the position of the Board that the legislative history of the Act indicated an intent on the part of Congress to authorize union security agreements to eliminate free riders and that the statutory provision permitting union shops is broad enough to include the lesser form of an "agency shop arrangement."

We do not regard the "agency shop arrangement" as being something lesser than a "union shop." We believe it is entirely different. A Union security agreement is premised upon membership in a labor organization. An "agency shop" on the contrary is based upon an employee paying charges in lieu of union membership as a condition of employment.

It is asserted that an "agency shop arrangement" is valid under Indiana law as was held by an intermediate court in that state. Meade Electric Co. v. Hagberg, 129 Ind.App. 631, 159 N.E.2d 409. The Supreme Court of Kansas, however, reached a different conclusion in construing the constitution of that state. Higgins v. Cardinal Manufacturing Co., 188 Kan. 11, 360 P.2d 456, cert. denied General Drivers Allied Auto. etc. v. Higgins, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32. The question, however, to be decided in the present case is whether this type of arrangement is lawful under the National Labor Relations Act, as amended.

We think the provisions of the Act are clear and unambiguous and need no judicial construction. The language of Section 7 of the Act which provides "Employees * * * shall also have the right to refrain * * * except to the extent that such right may be affected by *an agreement requiring membership in a labor organization as a condition of employment* as authorized in Section 8 (a) (3)." [29 U.S.C.A. § 157.] "means what it says and excepts from the operation of the law only agreements requiring membership in a labor organization. (italics ours) An employee involuntarily subjected to the "agency shop arrangement," as a condition of his employment, is not a Union member or the equivalent of it. If Congress intended to permit the exaction of these types of charges in lieu of Union membership, as a condition of employment, it could easily have so provided in apt language. It is not for us, under the guise of construction, to enlarge the clear language of this statute. In our opinion, the provision for an "agency shop" would violate Section 7 and Sections 8(a) (1) and (3) of the Act as this type of arrangement is not excepted from the Act. The employer was therefore not required to bargain with respect to a proposal which was in violation of the Act.

The order of the National Labor Relations Board is set aside and the Board's request for enforcement is denied.